IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

**Case No. 12-3567**
_____

| | | |
|---|---|---|
| in re David Stebbins | ) ) ) | on Petition for Writ of Mandamus |

**REPLY TO RESPONSE TO PETITION FOR WRIT OF MANDAMUS**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Respondent's Response to Petition for Writ of Mandamus.

1.  Respondent argues that the Order he gave was "necessary" for a "problematic case." However, the background he gave fails to articulate how this background requires a trial, instead of summary judgment. He fails to articulate why the case cannot be resolved on summary judgment.

2.  Defendants received their deposition. They implied during a settlement conference on Nov. 1, 2012 that they do not intend to move for sanctions regarding my conduct at the deposition. Absent such a motion, it is assumed that they have no objections to the answers I gave. This is called *qui tacet consentiture videtur*.

3.  Now that the deposition has been taken, there is nothing stopping the Defendants from filing their response in opposition to my motion for summary judgment, and also, from filing their own motion. Defendants claimed, in their motion for extension, that they believe that the case can be resolved on summary judgment. Why not give them the chance? There is no reason why it should not happen.

4.  Respondent denies that he is being spiteful regarding his decision to not grant summary

judgment, but I find this hard to believe. In his response, he only mentions the summary judgment, deposition, and motions regarding the deposition.

5.     However, in his order, when he initially said he would not grant summary judgment, he brought up a variety of things that have allegedly "plagued" this case, including, but not limited to, interlocutory appeals, motions for reconsideration, and my lack of cooperation (though he fails to articulate how I have failed to cooperate). Indeed, he used the exact words "every step" to describe the way the case was plagued. He clearly factored all of those things into his decision to not grant summary judgment, and yet, in his responsive pleading in this action, conveniently fails to articulate why, exactly, all of those things even matter. It seems as if he is just trying to cover up his spite.

6.     If both parties file for summary judgment and both fail to be granted (for example, if the Plaintiff's and Defendant's Statement of Uncontroverted Facts are wholly inconsistent with each other), then perhaps, yes, the case would have to go to trial. However, Respondent does not know that that will be the case. He should receive, review, and rule on the motions for summary judgment *before* he decides that the case should go to trial. Otherwise, the whole point of summary judgment is defeated.

## Conclusion

On top of being ordered to make an appropriate ruling on the parties' motions for summary judgment, I believe that Respondent should be ordered to grant the continuance that Defendants moved for. The trial should only be necessary if there are disputes of fact. Perhaps there will be a need for trial; we don't know yet! But Respondent is foreclosing the possibility of summary judgment.

Wherefore, premises considered, I respectfully request that the Petition for Summary

Judgment be granted.

*David Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com