## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

**IN RE DAVID STEBBINS**                                    **PETITIONER**

### Case No. 12-3567

### RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Comes now Respondent Jimm Larry Hendren, United States District Judge, Western District of Arkansas, and for his Response to the Petition For Writ Of Mandamus states as follows:

1.   Petitioner David Stebbins ("Stebbins") seeks a writ of mandamus to require this Court to "issue an appropriate ruling" on his Motion For Summary Judgment in Stebbins v. University of Arkansas; Office of the Chancellor, Case No. 10-5125 in the United States District Court for the Western District of Arkansas.

Stebbins frames the issue presented as whether a District Court has discretion to refuse to grant summary judgment not because the motion fails on the merits or on a technicality, but "simply for the sake of spite" against a party.

2.   There is no basis for Stebbins' stated or implied contention that this Court would take -- or fail to take -- any action in a matter before it out of spite, and that notion should be rejected out of hand.   The Court's actions in this matter are the result of informed decisions taken to manage its docket in the face of a problematical case.   In order to understand some of those problems, it will be helpful to look at the docket entries

**RECEIVED**

NOV - 1 2012

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

relevant to the period of time in question.

     * On August 1, 2012, defendants filed a Motion For Leave Of Court To Take Plaintiff's Deposition Beyond The Discovery Cut-Off Date (document #130). In it, they recited various impediments to obtaining that deposition -- none of them attributable to defendants.

     * On September 18, 2012, Stebbins filed his Motion For Summary Judgment (document #139).

     * On September 21, 2012, the Court entered an Order (document #144) which allowed defendants to depose Stebbins "at any time before October 15, 2012," and directed Stebbins "to cooperate fully in the scheduling of this deposition, on pain of sanctions should he fail to do so."

     * On October 1, 2012, defendants filed a Motion To Compel Plaintiff's Deposition, Or In The Alternative, Motion For Sanctions (document #147). In it, defendants stated that they had arranged for Stebbins' deposition to be taken on October 8, 2012, but that he was refusing to come to Fayetteville because he could not find anyone to drive him there from his home in Harrison, in spite of the fact that defendants had furnished him with $128.80 in witness and mileage fees.

     * Also on October 1, 2012, defendants filed a Motion For Extension Of Time To Plead And Continuance Of Case (document #149). They asked for additional time to respond to the Motion

For Summary Judgment, additional time to file their own motion for summary judgment, and a continuance of the trial scheduled for December 3, 2012.

    \*   By Order dated October 4, 2012 (document #155), the Court denied the Motion For Extension Of Time To Plead And Continuance Of Case. It explained its decision as follows:

> This case was filed July 12, 2010, and is now one of the oldest cases on the Court's docket. It has been plagued at every step by lack of cooperation between the parties; unmerited requests for reconsideration; unmerited motions for sanctions; premature appeals; and the constant impatience and belligerence of the plaintiff. Indeed, the history of the case is such that the Court has no reason to believe that it can or will be resolved on a motion for summary judgment by either party, or by both parties. This case needs to be tried.

The Order stated that defendants would not be prejudiced at trial by their inability to depose Stebbins, because -- given that the matter would be tried to the Court rather than a jury -- defendants would be afforded some leeway in their questioning of Stebbins to compensate for his failure to make himself available for deposition.

The Order further stated that Stebbins' efforts in preparing his Motion For Summary Judgment would not be wasted, in that the Court would read and consider both the motion and its accompanying brief.

    \*   On October 11, 2012, in an e-mail to one of the Court's law clerks, Stebbins stated that he did give a deposition on October 8, 2012. In that same e-mail (which was copied to defense

-3-

counsel) Stebbins described his deposition thus: "I did not answer
[defense counsel's] questions the way he wanted them to be
answered, but let me put it this way: I acted the same way my
parents did when I cross-examined them in *their* deposition." The
picture Stebbins painted of his parents' depositions is limned in
his Emergency Motion For Sanctions (document #119):

> When it was my turn to question them, they gave straight
> answers only if they felt like it. When I asked them if
> certain things were true, they would often say "That's
> irrelevant," and refuse to answer the question. When I
> asked them questions that only required simply yes or no
> answer, they would go off on various tangents, but never
> actually give a "yes" or "no" answer.

The fact that Stebbins participated in this deposition does
not, in the Court's view, change the situation, because it does
not appear that he did so in good faith.

3.    The Court's thoughts on this case as expressed in the
October 4, 2012, Order have not changed. This is a case that
needs to be tried, not needlessly extended. Trial is scheduled
for December 3, 2012, and the Court is hopeful that Stebbins'
Petition For Writ Of Mandamus will be resolved before that date so
that the trial date may not be lost.

4.    Mandamus is an extraordinary remedy, which will lie only
for such purposes as correcting a clear abuse of discretion, **In re
Apple, Inc.**, **602 F.3d 909, 911 (8th cir. 2010)**, or a judicial
usurpation of power, **In re MidAmerican Energy Co.**, **286 F.3d 483,
486 (8th Cir. 2002)**. It is a drastic remedy, one "to be invoked

-4-

only in extraordinary situations." **Kerr v. U.S. District Court for Northern District of California**, **426 U.S. 394, 402 (1976)**.

Summary judgment is "a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." **Chappell v. Bilco Co.**, **675 F.3d 1110, 1115 (8th Cir. 2012)**. The Court fairly exercised, rather than abused, its discretion when it determined that this tool was not a useful one under the circumstances of this case, and that the matter merited a trial. For these reasons, the Petition For Writ Of Mandamus is without merit, and Respondent prays that it be denied.

Respectfully Submitted,

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Jimm Larry Hendren, United States District Judge, Western District of Arkansas, do hereby certify that I filed the foregoing document with the Clerk of Court via facsimile at 314-244-2780, and also mailed a copy thereof to:

David Stebbins
123 W. Ridge Street, Apt. D
Harrison, AR  72601

/s/ Jimm Larry Hendren

-5-